IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

DEBBIE GRASSMAN                                                                  PLAINTIFF
1503 Turquoise Drive
Louisville, Kentucky 40214

                                                                            Case No. 3:15-CV-776-JHM

v.

                                                          Chief Judge Joseph H. McKinley, Jr.

ENHANCED RECOVERY COMPANY, LLC                                       DEFENDANTS
8014 Bayberry Road
Jacksonville, Florida 32256

        SERVE:       KENTUCKY SECRETARY OF STATE

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:       CSC-Lawyers Incorporating Service Co.
                            421 W. Main Street
                            Frankfort, Kentucky 40601
                            (BY CERTIFIED MAIL)

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

    SERVE:    CT Corporation System
                        818 West Seventh Street, 2nd Floor Agent
                        Los Angeles, CA 90017
                        BY KENTUCKY SECRETARY OF STATE

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

    SERVE:    The Prentice Hall Corporation System
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

** ** ** **

## **VERIFIED COMPLAINT**

       Comes the Plaintiff, Debbie Grassman, by counsel, and for her Verified Complaint against the Defendants, Enhanced Recovery Company, LLC ("ERC"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc ("Experian"), and Trans Union, LLC ("Trans Union") states as follows:

### **I. PRELIMINARY STATEMENT**

       1.    This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 <u>et seq.</u>, arising out of ERC's false reporting to Equifax, Experian and Trans Union of an alleged delinquent debt of the Plaintiff, and Equifax's, Experian's and Trans Union's failure to correct ERC's false reporting on Plaintiff's credit reports.

## II.  PARTIES

2.  Plaintiff, Debbie Grassman, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 1503 Turquoise Drive, Louisville, Kentucky 40214.

3.  Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.  Defendant, Enhanced Recovery, is a Florida limited liability company doing business in the Commonwealth of Kentucky with its principal place of business at 8014 Bayberry Road, Jacksonville, Florida 32256.

5.  Enhanced Recovery is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

6.  Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

7.  Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

8.  Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

9.  Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10.  Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

11.  Experian is regularly engaged in the business of assembling, evaluating and

dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

12. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams St., Chicago, Illinois, 60661.

13. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

14. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

15. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

16. In or around April 2015, Plaintiff was in the process of attempting to secure mortgage financing and accessed her credit history. In accessing her credit history, Plaintiff discovered that her Equifax, Experian and Trans Union credit reports contained derogatory entries furnished by ERC regarding an alleged past due cell phone account with Sprint.

17. Plaintiff has never used Sprint's services or held an Sprint account.

18. Immediately upon discovery of the ERC derogatory entries, Plaintiff contacted Sprint and advised Sprint that the alleged cell phone account was fraudulent.

19. Sprint confirmed to Plaintiff that it had no record of Plaintiff ever holding a Sprint account or owing anything to Sprint.

20. Also immediately upon discovery of the ERC derogatory entries, Plaintiff filed disputes regarding the entry with Equifax, Experian and Trans Union.

21. Upon information and belief, Equifax, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Equifax's receiving notice of the dispute from Plaintiff.

22. Upon information and belief, Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Experian's receiving notice of the dispute from Plaintiff.

23. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified ERC of the dispute at or within five (5) days of Trans Union's receiving notice of the dispute from Plaintiff.

24. In or around April 2015, Equifax, Experian and Trans Union verified the ERC account.

25. Despite Plaintiff's lawful requests for removal of the disputed item pursuant to the FCRA, the Defendants failed to remove the disputed item from Plaintiff's credit reports. Upon information and belief, the Defendants did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Defendants' receipt of Plaintiff's disputes.

26. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged delinquency on the ERC accounts.

## V. CLAIMS

### Negligence - ERC

27. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 26 as if fully set forth herein.

28. ERC's false reporting to Equifax, Experian and Trans Union regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the alleged debt as delinquent, ERC breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

29. ERC's false reporting to Equifax, Experian and Trans Union regarding the alleged delinquent debt of the Plaintiff has caused damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. ERC's false reporting to Equifax, Experian and Trans Union regarding the alleged delinquent debt of the Plaintiff was willful and wanton entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

30. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. Equifax's failure to remove ERC's false report of Plaintiff's alleged delinquency from Plaintiff's Equifax credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to remove ERC's false report of Plaintiff's alleged delinquency, Equifax breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff, and acted with conscious disregard for Plaintiff's rights.

32. Equifax's negligent failure to remove ERC's false report of Plaintiff's alleged debt from Plaintiff's Equifax credit report has caused damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

33. Equifax's failure to remove ERC's false report of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notices to Equifax of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

34. Plaintiff hereby adoptd and incorporates the allegations contained in paragraphs 1 through 33 as if fully set forth herein.

35. Experian's failure to remove ERC's false report of Plaintiff's alleged delinquency from Plaintiff's Experian credit report, despite Plaintiff's lawful notice to Experian of the falsity of the report, was negligent. In failing to remove ERC's derogatory entry, Experian breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

36. Experian's negligent failure to remove ERC's derogatory entry from Plaintiff's Experian credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

37. Experian's failure to remove ERC's derogatory entry from Plaintiff's credit report, despite Plaintiff's lawful notices to Experian of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

38. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Trans Union's failure to remove ERC's false report of Plaintiff's alleged delinquency from Plaintiff's Trans Union credit report, despite Plaintiff's lawful notice to Trans Union of the falsity of the report, was negligent. In failing to remove ERC's derogatory entry, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain an accurate credit history for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

40. Trans Union's negligent failure to remove ERC's derogatory entry from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

41. Trans Union's failure to remove ERC's derogatory entry from Plaintiff's credit report, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – ERC

42. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 41 as if fully set forth herein.

43. ERC, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Experian and Trans Union that Plaintiff was past due on the alleged Sprint account and that the Sprint account was in collection status. ERC's statements were made with conscious disregard for the rights of the Plaintiff.

44. ERC's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Equifax

45. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 44 as if fully set forth herein.

46. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff was past due on the alleged Sprint account and that the Sprint account is in collection status. In publishing such statements, Equifax acted with conscious disregard for the rights of the Plaintiff.

47. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff was past due on the alleged Sprint account and that the Sprint account is in collection status. In publishing such statements, Experian acted with conscious disregard for the rights of the Plaintiff.

50. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

51. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to ERC and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff was past due on the alleged Sprint account and that the Sprint account is in collection status. In publishing such statements, Trans Union acted with conscious disregard for the rights of the Plaintiff.

53. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged delinquent debt amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – ERC

54. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55. ERC's false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged delinquency is a violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

56. ERC's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which ERC is liable to Plaintiff for Plaintiff's actual damages,

for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

59. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

60. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

61. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 60 as if fully set forth herein.

62. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

63. Experian's failure to evaluate or consider any of Plaintiff's information, claims or

evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

64. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union

65. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 64 as if fully set forth herein.

66. Trans Union's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

67. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – ERC**

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

70. ERC's false reporting to Equifax, Experian and Trans Union of Plaintiff's alleged delinquency, despite ERC's knowledge of the falsity of its reporting, is a willful violation of ERC's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(a) and (b).

71. Given ERC's knowledge of the falsity of its reporting, ERC's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which ERC is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

**Willful Violation of the Fair Credit Reporting Act – Equifax**

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Equifax's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Equifax's receipt of Plaintiff's disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages,

for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

76. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. Experian's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item within a reasonable time following Experian's receipt of Plaintiff's disputes is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

80. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81. Trans Union's failure to remove the disputed item from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed item

within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

83. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Pandora Sears, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, PSC
616 South Fifth St.
Louisville, KY 40202
(502) 443-1060
Hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Debbie Grassman, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Debbie Grassman

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
|  | ) SS |
| COUNTY OF JEFFERSON | ) |

Subscribed, sworn to and acknowledged before me by Debbie Grassman this ___ day of _____, 2015.

_____
Notary Public

Commission expires:_____